**SO ORDERED.**

**SIGNED this 27 day of March, 2009.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| ALYSSA GLEASON | ) | Case No. 08-41471 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| NOAH GLEASON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 08-7084 |
| | ) | |
| ALYSSA GLEASON | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss[1] filed by Defendant, Alyssa Gleason. Defendant contends that the claims made in this adversary proceeding, which seeks to exclude certain debts from discharge pursuant to 11 U.S.C. § 523(a)(2), were previously tried in

---
[1] Doc. 8.

state court and are barred by *res judicata*. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## I.     FINDINGS OF FACT

Plaintiff, Noah Gleason, initiated this adversary proceeding seeking a determination that a debt, allegedly owed to him by his daughter, Defendant Alyssa Gleason, should be found non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) on the basis it was procured by fraud. Plaintiff's Complaint alleges that prior to his arrest and incarceration in 2002, he had recently finished construction of a new home just outside of Lawrence, Kansas. The land and the home were worth approximately $140,000, and were free and clear of any encumbrance. Plaintiff decided to place the land in Defendant's name prior to building the house; she was 19 years old at that time.

Plaintiff further alleges that upon deciding to build a home on the land in 2001, Defendant agreed to keep the property in her name, with the understanding that Plaintiff would live in the home for the rest of his life, and upon his death, Defendant and her brother would be entitled to the property. Plaintiff also contends that following Plaintiff's arrest and incarceration, he asked Defendant to add his name and her brother's name to the deed, with the understanding that Defendant could live there until his release from prison. Despite allegedly promising to hold the home and the land for Plaintiff until his release, Defendant sold the property and kept the sale proceeds.

Following that sale, Plaintiff sued Defendant in Leavenworth County, Kansas alleging essentially the same facts he has alleged in this case. The District Court of Leavenworth County granted summary judgment to Defendant on July 11, 2008. The Court held that Plaintiff had failed

to produce sufficient evidence to support his claims for fraud, embezzlement and theft. Plaintiff did not appeal that decision, and it is now a final order.

Defendant's one-page Motion to Dismiss asserts the adversary proceeding should be dismissed based on the doctrine of *res judicata*.

**II.     STANDARD FOR A MOTION TO DISMISS**

Although Defendant does not cite any statute or rule in her Motion to Dismiss, the Court assumes her motion is based on the theory that Plaintiff has failed to state a claim upon which relief can be granted. Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b) into all adversary proceedings. To prevail on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the movant must demonstrate beyond a doubt that there is no set of facts in support of plaintiff's theory of recovery that would entitle plaintiff to relief.[2] In evaluating a motion to dismiss for failure to state a claim, all well-pleaded allegations will be accepted as true and will be construed in the light most favorable to plaintiff.[3]

**III.    ANALYSIS**

Defendant claims that this adversary proceeding should be barred by the doctrine of *res judicata*. As the Tenth Circuit recently reiterated in *In re Mersmann*,[4] "[r]es judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2)

---

[2] *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kansas*, 927 F.2d 1111, 1115 (10th Cir. 1991).

[3] *In re American Freight System, Inc.*, 179 B.R. 952, 956 (Bankr. D. Kan. 1995).

[4] 505 F.3d 1033 (10th Cir. 2007).

3

the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit."[5]

Although the United States Supreme Court in *Brown v. Felsen*,[6] held that the doctrine of *res judicata* does not apply in bankruptcy nondischargeability proceedings, this case provides a different set of facts than the typical nondischargeability proceeding. The bar against using *res judicata* in nondischargeability proceedings typically arises in a situation where a state court judgment has been entered that establishes the existence of a debt against the debtor in bankruptcy, but the state court judgment does not determine whether the debt in question was obtained by fraud, or some other basis that would render the debt nondischargeable under bankruptcy law.

In this case, however, the Court is not being asked to determine whether an existing debt (whether reduced to judgment or not) is nondischargeable under bankruptcy law. Instead, the facts here involve a situation where a state court has fully and finally determined that Plaintiff has no claim against Defendant, at all. When there exists no liability that could be discharged in a bankruptcy, this Court has no authority to answer the hypothetical question whether it might be nondischargeable if the debt did, in fact, exist.[7]

---

[5]*Id.* at 1049.

[6]442 U.S. 127 (1979)

[7]*In re Orseno*, 390 B.R. 350, 356 (Bankr. N.D. Ill. 2008) (quoting *In re Sieger*, 200 B.R. 636, 639 (Bankr. N.D. Ind. 1996)) (holding that "'[e]n route to answering the question [of dischargeability], however, the court must, of necessity, also determine that there is actually a debt owed by the debtor to the creditor. In the absence of an enforceable obligation to pay, there is no liability to be discharged and nothing which needs to be the subject of a dischargeability debate.'"). *See also Gen. Elec. Credit Corp. v. Dunn (In re Dunn)*, 50 B.R. 664, 666 (Bankr. W.D.N.Y. 1985), a case also cited by the *Orseno* court, where the bankruptcy court denied a creditor's claim for a finding of nondischargeability because the statute of limitations on the underlying claim had already run, and thus the creditor had no claim on which to seek a determination of nondischargeability.

4

The Court finds that *res judicata* is applicable in this case on the issue of whether Defendant owes any debt to Plaintiff. All four of the elements needed for *res judicata* to apply are present – the parties are the same, the claim is based upon the same cause of action, Plaintiff had a full opportunity to present his case in state court, and a final judgment was entered on the merits. Because there is no underlying debt in question, no purpose can be served in proceeding with a dischargeability complaint to determine whether that non-existent debt would theoretically be dischargeable.

Plaintiff argues that the Court should not dismiss his Complaint because the state court judgment was based upon fraudulent evidence presented by Defendant. Even if this allegation was true, however, he should have made that argument on a motion for reconsideration to the state court, or he should have appealed the state court judgment to the Kansas appellate courts. The state court judgment was entered July 11, 2008, and this bankruptcy was not filed until September 30, 2008. His time to appeal ran before the bankruptcy was filed,[8] and his failure to appeal renders the state court decision binding on this Court.

This Court cannot hear a case that is essentially nothing more than an unauthorized appeal of an unfavorable state court judgment.[9] In addition, Plaintiff indicates that he seeks a determination by this Court that the alleged debt is nondischargeable so that he can return to state court to file additional claims or counts against the Defendant. However, under Kansas law, any such attempt

---

[8] In Kansas state courts, a party has 30 days from the entry of judgment to file an appeal from a district court to an appellate court. K.S.A. 60-2103(a).

[9] The Rooker-Feldman doctrine, established by two Supreme Court decisions handed down 60 years apart, provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States [trial] court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citing to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The Tenth Circuit Bankruptcy Appellate Panel has recognized the applicability of the Rooker-Feldman doctrine to bankruptcy courts. *In re Abboud*, 237 B.R. 777, 780 (10th Cir. BAP 1999).

5

would be futile given the requirement of Kansas law that he assert all claims against Defendant, arising out of the same transaction, in one lawsuit.[10] He has prosecuted that one lawsuit, it was decided adversely to him, and this Court cannot give him a second day in court on the same cause of action.[11]

## IV.  CONCLUSION

For the reasons above stated, the Court grants Defendant's Motion to Dismiss. Plaintiff sued Defendant in state court, judgment was entered finding that Defendant owed Plaintiff no debt, and Plaintiff elected not to appeal that decision. That state court judgment is binding upon Plaintiff and this Court. Plaintiff is barred from seeking to relitigate not only the claims that he actually brought in that prior proceeding, but also any claims that he could have brought arising out of the transaction with the house and land. Because the record clearly shows that there is no debt owed by Defendant to Plaintiff, the Court has no basis for entertaining a dischargeability action on that non-existent debt.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Defendant's Motion to Dismiss[12] Plaintiff's Complaint is granted pursuant to Federal Rule of Bankruptcy Procedure

---

[10] "It has been repeatedly held that when all parties are in court, and the court has full jurisdiction of the subject matter and parties and could determine all issues properly involved, all such issues should be then determined, and that not only do the matters which are then expressly determined but also all other matters which might and should have been then determined becomes [sic] *res judicata* and are not available to the parties in a future action." *Home State Bank v. P.B. Hoidale Co., Inc.* 239 Kan. 165 (1986) (citing *Kearny County Bank v. Nunn*, 156 Kan. 563 (1943)).

[11] The Court will grant Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2), using its discretion, and will not now assess a filing fee against him in this now-dismissed case (although the Plaintiff may normally be required to pay the fee out of any prison account he holds). The Court grants this motion, however, without prejudice to reconsidering this issue, and conducting more research on the issue, if Plaintiff files any other case (or pleading) associated with this matter.

[12] Doc. 8.

7012(b), which incorporates Federal Rule of Civil Procedure 12 into all adversary proceedings, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

###

7

Case 08-07084    Doc# 12    Filed 03/27/09    Page 7 of 7